UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CAROLINE RECORDS, INC., a New York corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; UMG RECORDINGS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; WARNER BROS. RECORDS INC., a Delaware corporation; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 2:05-CV-73 PS |
| v. | ) ) | |
| SHELLY NELSON, | ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Default Judgment filed on July 18, 2005. [Doc. 12]. Plaintiffs allege that Defendant Shelly Nelson used an online media distribution system to obtain copyrighted sound recordings owned by the Plaintiffs and/or to distribute those recordings to other users of the system. Because Nelson has failed to appear, plead, or otherwise defend as provided by the Federal Rules of Civil Procedure, Plaintiffs' Motion for Default Judgment is granted.

**BACKGROUND**

The Plaintiffs in this action, various recording companies, are the copyright owners or licensees of rights under the Copyright act of various recordings including:

1. "Opposites Attract" by Paula Abdul

2. "Sorry Seems To Be The Hardest Word" by Elton John

3. "The Closer You Get" by Alabama

4. "Sweet Child O'Mine" by Sheryl Crow

5. "Ride the Wind" by Poison

6. "Sail Away" by David Gray

7. "Man On The Corner" by Genesis; and

8. "Far Behind" by Candlebox.

(*See* Compl. at Ex. A.)  Plaintiffs allege that Nelson downloaded these recordings using an on-line media distribution system and has made the copyrighted recordings available to the public in violation of the Plaintiffs' exclusive rights under the Copyright Act.  (Compl. ¶ 17.)

Plaintiffs filed their complaint on February 28, 2005, and Nelson was served on March 5, 2005. (*See* [Doc. 8].)  The Clerk entered default on June 10, 2005 ([Doc. 10]), and the Plaintiffs moved for default judgment on July 18, 2005.

In response to the Court's inquiry and order, Plaintiffs filed proof of Nelson's age on August 1, 2005.  (*See* [Doc. 14].)  This proof consists of Nelson's properly redacted Indiana driving record showing her year of birth as 1973.  Accordingly, Nelson is not an infant.

2

**DISCUSSION**

Federal Rule of Civil Procedure 55(b) gives the Court the power to enter default judgment in this situation. It provides:

> In all other cases the party entitled to judgment by default shall apply to the court therefore; but no judgment by default shall be entered against an infant or incompetent person . . . .

Fed. R. Civ. P. 55(b). However, the Court must exercise sound judicial discretion in entering default. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A court may look to a number of factors when deciding a motion for default judgment. These factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 3d* § 2685 (1998).

Here, the grounds for default are clearly established. First, the default goes beyond a mere technicality, as Nelson has not filed an answer or any responsive pleadings since the complaint against her was filed on February 28, 2005. The defendant cannot be allowed to completely ignore this suit. *See In re Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1062 (7th Cir. 1989) ("A trial court is entitled to say, under proper circumstances, that enough is enough.").

Further, few material issues of facts are in dispute in here. In order for the Plaintiffs to establish the prima facie case of direct copyright infringement, they must satisfy two requirements: (1) they must show ownership of the allegedly infringed material; and (2) they

3

must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders. 17 U.S.C. §§ 106, 501(a). Here, the Plaintiffs have pled that they owned the copyrighted materials specified in Exhibit A and that Nelson violated their exclusive rights to reproduce and distribute the copyrighted recordings to the public by downloading and distributing the copyrighted recordings via an online media distribution system. Therefore, the facts as stated in the complaint establish direct copyright infringement by the Defendant.

Finally, the Plaintiffs are entitled to the damages which they request. Plaintiffs request minimum statutory damages for each copyright violation as well as a permanent injunction barring Nelson from further infringing activity. They also request an award of attorneys fees and costs. These requests are both proper and reasonable.

The Copyright Act provides for both monetary and injunctive relief. First, it provides that "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)." *Id*. at § 504(a). Under § 504(c), the copyright owner may choose to recover statutory damages in lieu of actual damages any time prior to the entry of final judgment. Statutory damages are described as follows:

> statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

*Id*. at § 504 (c). Second, § 502 authorizes the court to grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." *Id*. at

4

§ 502. Finally, the Court has discretion to award costs and fees to the prevailing party. *Id*. at § 505.

Plaintiffs request the minimum statutory damages for infringement in this case. The minimum statutory damage is calculated per work. Thus, $750 x 8 works = $6,000.00. Awards of statutory damages "between the minimum and maximum statutory limits for copyright infringement damages is wholly within the trial court's discretion and sense of justice." *Weintraub/OKUN Music v. Atlantic Fish & Chips, Inc.*, 1991 WL 34712 at *5 (N.D. Ill. Mar. 13, 1991) (internal quotations omitted). Although the actual damage to Plaintiffs from one individual downloading eight songs via online media distribution is likely minimal, default judgment does establish that Plaintiffs are entitled to damages as a matter of law. *Doehrer v. Caldwell*, 1980 WL 1158 at * 2 (N.D. Ill. Mar. 28, 1980). Accordingly, an award of $6,000.00 representing the minimum statutory damage for each work infringed is appropriate.

In addition, Plaintiffs request a permanent injunction barring Nelson from reproducing or distributing any of the Plaintiffs' copyrighted works as well as requiring Nelson to destroy any works that she has already reproduced or distributed via on-line media systems. Specifically, the Plaintiffs request the following:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that

>Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

(Pl. Mot. at 8).

Although courts in the Seventh Circuit have yet to address the propriety of a permanent injunction in cases where an individual unlawfully downloads copyrighted musical works, courts in other circuits have approved such injunctions.  For example, in *Elektra Entertainment Group, Inc. v. Bryant*, 2004 WL 783123 (C.D. Cal. Feb. 13, 2004), Elekra brought suit against the defendant alleging copyright infringement relating to the defendant's use of an online media distribution system to make copyrighted recordings available to the public.  The court in that case approved the exact same injunction sought here finding that "damages cannot begin to adequately compensate Plaintiffs for the harm caused." *Id*. at *7.  Further, the court noted that the "Defendant's means of infringement – an online media distribution system with tens of millions of potential users – has left Plaintiffs' sound recordings vulnerable to massive, repeated, near-instantaneous, and worldwide infringement." *Id*.  With these considerations in mind, we, too, find that the requested permanent injunction is proper.

Finally, Plaintiffs request an award of attorneys fees and costs as allowed under § 505.  The assessment of fees and costs under this section "is as much to penalize the losing party as to compensate the prevailing party" and "is a matter within the Court's discretion." *Weintraub*, 1991 WL 34713 at *5.  In this case, not only did Nelson download eight of Plaintiffs' works in clear violation of their rights, she also completely failed to respond in any way to this lawsuit for over five months.  Further, Plaintiffs request of $276.95 in total costs is quite reasonable.  Accordingly, Plaintiffs are entitled to $276.95 in total costs.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment [Doc. 12] is hereby **GRANTED**; the Court orders the following relief:

1.     Minimum statutory damages in the amount of $6,000.00 for the eight infringements alleged in the complaint pursuant to the Section 504 of the Copyright Act ($750 for each infringement);

2.      A permanent injunction as follows:

> The defendant shall be enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the copyrighted sound recordings as shown in Exhibit A to Plaintiffs' Complaint, and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control; and

3.     Attorneys fees pursuant to the Section 505 of the Copyright Act in the amount of $276.95.

The Clerk is directed to enter **FINAL JUDGMENT** stating that the Plaintiffs are entitled to the relief stated herein. The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED.**

ENTERED: August 9, 2005

                                                <u>s/ Philip P. Simon</u>
                                                PHILLIP P. SIMON, JUDGE
                                                UNITED STATES DISTRICT COURT